Judge Owslef
delivered the opinion.
To an action of debt, brought bv the trustees, against tbe executrix, on a bond given by Phil Bush and the testator of tbe executrix, the executrix, in substance, pleaded, that the bond was given by Bush, together with the testator, his security, for the price of certain lots of ground in tbe town of Harrodsburg, purchased by Bush of the trustees, under a parol contract of sale; and, after alleging, that the contract of sale, or any memorandum thereof, was never reduced to writing and signed by the trustees or any person bj them legally authorised, the plea avers, that tbe trustees have never conveyed the lots to Bush, &c.
To this plea, the trustees replied, that the lots in the plea mentioned, were sold at public auction, and upon Bush becoming the purchaser, an entry and record of the sale of the lots were made in the books of the trustees, which being known to Bush, the bond upon which action is founded, was given to secure the payment of the purchase money, ⅝0.
The executrix demurred to this replication, and the demurrer being overruled by the court, a writ of enquiry was awarded, and judgment rendered by tbe court for the debt and damages assessed by the jury.
The only question for the decision of this court, involves an enquiry into the correctness of tbe decision of the circuit court, in overruling the demurrer to the trustees’ replication.
^ price 0f )ou so d by the trustees of a t¡fm (uniess some mema-randum in t4s or some person autho ns’dbyth’m) canivtbe co-ercecj tho’a record of the 0fthe trust’s.
To venderá parties must be mutually
Bridges for appellants, Daviess for appellees.
If the plea presents a valid bar to the action, it is obvi-•us, that the replication affords no sufficient answer to plea. The only matter of avoidance, alleged in the replication, is, that of the lots having been sold at public auction, and an entry and record thereof made in the books of the trustees; but that matter, certainly, does not take the sale out of the statute against frauds and perjuries. The statute contains no exception of sales at auction, and the entry in the books of the trustees, unless signed by the trustees, or some person authorised by them, is not acorn-plianee with the requisitions of the statute; and the reph-cation contains no averment, of the entry having been so signed.
Prom both replication and plea, therefore, the salemust « i • i . • i • i r . i i . | , « be admitted to be within the statute, and as the bond is al* leged to have been given for the price of the purchase made at that sale, the plea, under the statute authorising the consideration of sealed writings to be gone into and impeached, contains a good and valid defence to the action of the trustees. No action at law, or bill in equity, can be maintained by either Bush, or the representatives of Thomas on tbe sale; and it is a settled rule of the common law, that a promise on which no action can be sustained, forms no sufficient consideration for any other promise. Thus it is said, that mutual promises must he both binding, as wi ll on the one side as the oilier; and must be both made at the same time, or else they will be both nuda pacta. Powel on Contracts, 360.
The judgment must be reversed, and the cause remanded, and further proceedings had, not inconsistent with this Opinion.